IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-93-BO

| | |
|---|---|
| TERRI ARRIGHI, Administrator of the Estate of Victor Arrighi,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STRAND PHYSICIAN SPECIALISTS, P.A., *et al.*,<br>　　　　　　　　Defendants. | O R D E R |

This cause comes before the Court on motion by the United States to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. No response to the motion was filed, and a hearing was conducted on the matter before the undersigned on July 29, 2016, at Raleigh, North Carolina. For the reasons discussed below, the United States' motion is granted.

## BACKGROUND

Plaintiff, as administrator of the estate of the decedent, filed this action Brunswick County Superior Court alleging claims under North Carolina law of medical malpractice and wrongful death against health care providers and entities. On May 5, 2016, the government removed the action to this Court and noticed its substitution as the proper party for defendants Frieda Spragins and Tri-County Community Health Council, Inc. *See* 42 U.S.C. § 233(g)-(n); 28 U.S.C. § 2679(d)(2). Thereafter, the government moved to dismiss for plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(1).

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of

subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

The Federal Tort Claims Act (FTCA) provides the sole waiver of sovereign immunity for tort actions against the United States. 28 U.S.C. §§ 2671, *et seq.* Under the FTCA, no action shall be instituted against the United States on a claim for damages for injury caused by an employee acting within the scope of her employment unless the claimant "shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing sent by certified or registered mail." 28 U.S.C. § 2675(a). Because the FTCA's requirement that a claimant file an administrative claim is jurisdictional and may not be waived, "dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency." *Henderson v. United States*, 785 F.2d 121, 124 (4th Cir. 1986); *see also Kokotis v. U.S. Postal Service,* 223 F.3d 275, 278–79 (4th Cir. 2000).

Plaintiff failed to file a written response to the instant motion, and at the hearing before the undersigned stated that indeed no administrative claim had been filed. Plaintiff further stated

2

that he intends to pursue an administrative claim under the saving clause provided in 28 U.S.C. § 2679(d)(5); *see also Bohrer v. City Hosp., Inc.*, 681 F. Supp. 2d 657, 664 (N.D.W. Va. 2010) (discussing application of savings provision where FTCA claim had been previously dismissed for failure to exhaust). Dismissal of this action is therefore appropriate.

Because this action was removed to this Court solely on the basis of the presence of the United States as a proper defendant, 28 U.S.C. § 1442, and the United States has now been dismissed, the Court finds that in the absence of an additional basis for subject matter jurisdiction this action is properly remanded to Brunswick County Superior Court. 28 U.S.C. § 1447(c); *see, e.g., Edwards v. D.C.*, 616 F. Supp. 2d 112, 118 (D.D.C. 2009) (*sua sponte* remand appropriate following dismissal of FTCA claim which formed the basis of federal jurisdiction).

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 6] is GRANTED. The United States is DISMISSED as a defendant in this action. The remaining claims are REMANDED to Brunswick County Superior Court for disposition.

SO ORDERED, this __ day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE